# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>APPLIN L. HEADLEY,<br><br>        Debtor. | Chapter<br>Case No.  25-10782-JEB |

## TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION

     David B. Madoff (the "Trustee"), the Chapter 7 trustee of Debtor Applin Headley hereby objects to the Debtor's claimed exemption in her so-called "50% equitable interest in One Hope, Inc." As set forth below, the Debtor's interest in One Hope is not a "tool, implement or fixture necessary for carrying on her trade or business." In support of this objection, the Trustee states:

     1.     On April 18, 2025, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed. The Debtor's schedules did not include any interest in One Hope.

     2.     After the Debtor's Section 341 meeting, which included a colloquy about the Debtor's potential interest in One Hope – an interest the Debtor initially denied holding – the Debtor amended her Schedule B to include what she described as a 50 percent equitable interest in One Hope. One Hope is a restaurant on Cape Cod doing business as Heavenly Family Restaurant. The Debtor asserts that, while she purchased the restaurant by signing the purchase agreement, paid at least a portion of the downpayment (if not the whole downpayment), and is responsible for repayment of the seller note issued as part of the purchase, she purchased One Hope with her daughter, and for her daughter's benefit.

3. In addition, the Debtor amended Schedule C to exempt her equitable interest in One Hope under Mass. Gen. L. Ch. 235, §34(5), as a tool of trade, up to the maximum amount of $5,000.

4. The Trustee asserts that the Debtor's interest in One Hope is an actual ownership interest in 50 percent of the shares of One Hope, and has reached an agreement in principal to sell those shares to a creditor of the Debtor (the current holder of the seller note).

5. Section 34(5) allows a debtor to exempt; "tools, implements and fixtures necessary for carrying on [her] trade or business." While One Hope itself owns fixtures and equipment, the Debtor does not. The Debtor's ownership is in the stock of the company, which is not exempt.

6. Based on the foregoing, the claimed exemption of the equitable interest in One Hope, under Mass. Gen. L. Ch. 235, §34(5), should be denied.

DAVID B. MADOFF, TRUSTEE,

By his attorneys,

*/s/  David B. Madoff*
David B. Madoff (BBO#552968)
MADOFF & KHOURY LLP
124 Washington Street, Suite 202
Foxborough, MA  02035
(508) 543-0040
madoff@mandkllp.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 25, 2025 he caused copies of the foregoing to be served by ECF, upon the following parties:

**SERVICE LIST**

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

Peter M. Daigle on behalf of Debtor
pmdaigleesq.@yahoo.com

Respectfully submitted this 25th day of July, 2025.

/s/ David B. Madoff
David B. Madoff (BBO#552968)